## Del Toro *v.* El Pueblo.

Apelación procedente de la Corte de Distrito de San Juan.

No. 11.  Resuelto en Diciembre 1, 1904.

Minas—Dominio Eminente del Estado.—La base de la legislación vigente en materia de minas la constituye el dominio eminente que de las mismas tiene el Estado, el que está limitado solamente por la concesión que se hace al superficiario de las sustancias minerales adheridas al suelo y por la que se otorga de las demas al que primeramente denuncia la existencia de ellas.

Id.—Derecho de Superficie—Salinas Naturales—Exención de Contribución, Impuesto ó Gravámen.—Aunque las Leyes de Presupuesto de 1888-89 y 1890-91 declaran libre de toda *contribución, impuesto ó gravámen,* la explotación de las salinas naturales, por el término de diez años, esta exención, establecida en favor de tal industria, no puede referirse en modo alguno al canon que como derecho de superficie exige el Estado y á cuyo pago viene obligado el concesionario, especialmente si se ha fijado en el título que se le expidiera y que aceptára sin protesta.

Id.—*El derecho de superficie* es un canon que se fija por el Estado á la ocupación de terrenos de su propiedad para establecimiento de una industria por particulares á quienes se otorga la concesión.

### EXPOSICION DEL CASO.

Vistos estos autos seguidos en el Tribunal de Distrito de San Juan, entre partes de la una, como demandante, Don Alberto del Toro, propietario y vecino de Cabo-rojo, y de la otra, la Administración, porque este juicio se inició como contencioso-administrativo, representado el primero ante esta Corte Suprema por el Letrado Don Herminio Díaz Navarro y la segunda por el Fiscal, sobre improcedencia del cobro del cánon de superficie por las salinas caborrojeñas; autos pendientes ante Nos por virtud del recurso de apelación interpuesto por el demandante, contra la sentencia pronunciada por la referida Corte, cuya sentencia, copiada á la letra, dice así:

"En la Ciudad de San Juan de Puerto Rico, á once de Agosto de mil novecientos tres.  Vistos estos autos contencioso-administrativos,

seguidos ante este Tribunal, entre partes, de la una, el Letrado Don Herminio Diaz Navarro, sustituido por su compañero Don Jacinto Texidor y Alcalá del Olmo, á nombre de Don Alberto del Toro, vecino de Cabo Rojo, como demandante, y de la otra "La Administración" como demandada, representada por el Fiscal de esta Corte; sobre resolución de la Secretaria Civil de esta Isla, sobre cánon impuesto á las salinas caborrojeñas.

*Resultando:* que Don Alberto del Toro presentó solicitud al Hon. Gobernador Capitan General de esta Isla en 20 de octubre de 1888, á fin de obtener el título de propiedad de 14 pertenencias mínerosalinas, con el título de caborrojeñas, en el lugar llamado "Boqueron" pueblo de Cabo Rojo, verificando la designación y acompañando un plano, expresando rumbos y señales y expedido el título de propiedad y dádosele posesión, con las condiciones que aquél contiene, entre ellas la séptima: "satisfacer por cánon de superficie y su producto los impuestos que establecen las disposiciones vigentes" y la decima "la de llenar todas las condiciones que se contienen en el Real Decreto de 15 de Enero de 1867 y Reglamento para su ejecución en el de 23 de Agosto de 1868, relativo á la explotación de las sustancias salinas, sin perjuicio de las demás prescripciones de la Ley de Puertos y de Montes aplicables," todo lo que consta en el expediente número 25.

*Resultando:* que en el número 10, á virtud de queja de Don Alberto del Toro, por cobrársele el cánon de las salinas caborrojeñas ascendentes á $5,247 é interés, se resolvió "que en vista de que los 10 años de cánon no pagados representaban la suma antes expresada y el seis por ciento de intereses anuales, se pague abonando dos años de los atrazados anualmente y así en cinco años pagará la deuda

*Resultando:* que acompañando la carta que á Toro le dirigiera el Ayudante de Campo del Gobernador Militar, informándole está equivocado en suponer las leyes vigentes lo exeptúan de toda contribución referente á la salinas; que las salinas que eran anteriormente de la propiedad privada están exentas de todas las contribuciones pero las de pertenencia del Estado mientras son libres de otras contribuciones, uso ó cargas deben pagar el cánon anual. Vuestro caso está comprendido bajo el segundo extremo y puede por consiguiente ser cobrado, presentó Toro escrito interponiendo recurso contencioso-administrativo reclamándose el expediente y remitiéndose; una certificación del Secretario del Ayuntamiento de Cabo Rojo sobre pérdida sufrida por Toro en las salinas caborrojeñas á causa del ciclón del ocho de Agosto de 1899 según tasación por peritos montantes á $24,703, 75 centavos provinciales por lo que las salinas fueron exoneradas de

contribución industrial del año 1899-1900, según expediente seguido por el Municipio; un escrito presentado por Toro al Gobernador en treinta de Enero de 1900 en inglés, con su traducción, solicitando la condonación absoluta de las sumas reclamadas hasta el 18 de Octubre de 1898 en que cesó la dominación Española y por el ciclón mencionado desde dicha fecha hasta el 30 de Junio, fundándose en las Leyes de Presupuesto de 1888-89; 1900-01; artículos 9° y 5°. con los endosos que centiene, resolviéndose en la forma ya expuesta en el segundo Resultando;

*Resultando:* que formulada demanda contenciosa administrativa por Toro solicita se declare exenta la salina natural•de Caborojeña de satisfacer cánon alguno por 10 años desde Julio de 1900; sentando como hechos: la concesión de 5 de Abril de 1900, y expedición del título de propiedad comunicándose á la Intendencia para exigir en su día el cánon correspondiente, haciéndole presente que las salinas se encontraban en terrenos y manglares del Estado: que hizo los trabajos para establecer la industria sin que durante la dominación española ni los primeros tiempos de la americana se exijiera el cánon: que el 21 de Noviembre de 1899 se le notificó aduedar $5,247 de 10 de Octubre de 1889 á 1898 de cánones, además los intereses: que se alzó ante el Gobernador General alegando las leyes de Presupuestos de 1888-89, y 1900-01, artículos 9°. y 5°. que declara libres las salinas de toda contribución, impuesto ó gravámen al Estado y Municipio por 10 años que vencían en 30 de Junio de 1900, abonándose sólo dos centavos por tonelada que se exportase pagaderos en la Aduana: que el Bureau de Rentas informó que la Circular número 128 de 25 de Octubre de 1888 aprobada por Real Orden de 24 de Diciembre previene que los concesionarios de salinas continuarán satisfaciendo el cánon de superficie por estar consignados en el detalle del artículo 4°. capítulo 1, Sección 1ª., letra B. de ingresos: que Cortada y Ca. de Ponce acudieron al Ministerio de Ultramar pidiendo aclaración del artículo 9°. de la Ley de Presupuestos, recayendo la Real Orden de 24 de Diciembre de 1888 que dice: "Siendo el derecho de superficie un cánon que fija el Estado á la ocupación de terrenos de su propiedad, sin que esto pueda confundirse con las contribuciones, impuestos y gravámenes de que la ley exceptúa las salinas naturales se desestima la instancia; y pidiendo Toro que se le exima del cánon que debe, opina no puede accederse, pero podía dársele un plazo; que el Secretario Civil aceptó el informe y propuso pagase Toro dos de los años atrazados y así sucesivamente; que ese dictámen lo hizo suyo la Junta Judicial: que obtenida esa opinión la aprobó el Gobernador

notificándose á Toro para el abono de la liquidación y los intereses de la demora se liquidarán el día del pago respectivo; que Toro satisfizo el primer plazo en 8 de Mayo de 1900 siendo el derecho el artículo 9o. de la Ley de Presupuestos de esta Isla de 1888-89, las Reales Ordenes de 27 de Octubre y 24 de Diciembre del 88; La Ley de Presupuestos de 1890-91, artículo 5°., las leyes 11 de Abril de 1849, 6 de Julio 59; 15 de Enero 67; R. O. 23 de Agosto 68, y Reglamento que regía en cinco de Abril de 1890 al hacerse la concesión; pero publicada la Ley de 3 de Marzo de 1895 sólo rige los que determine su art. lo., y no teniendo el cánon en esa Legislación el carácter de reconocimiento de dominio desaparece el fundamento de la R. O. de 24 de Diciembre de 1888 la que si existe no obliga por no haberse promulgado; que el artículo 5°. de la Ley de Presupuestos de 1890 á 1891 modificó las anteriores disposiciones al sentar el pago del impuesto de dos centavos de peso por tonelada, siendo indudable esto porque en vez de mil pesos que en 1888-89 figuran en presupuesto como ingreso, debieran agregarse los 506, 80 del cánon de la caborrojeña y en vez de ingresar 1506, 80 figuran 400 pesos que es lo que devengaría el cánon de las demás concesiones; por ello interpone el recurso contencioso-administrativo, encontrándose la resolución impugnada comprendida en los artículos lo. y 2o. del Real Decreto Ley y lo. y 3o. del Reglamento.

*Resultando:* que el Ministerio Fiscal contestó se declare legal y procedente la resolución reclamada y que el actor debe satisfacer los cánones que debe como le han sido liquidado con las costas. sentando como hechos: la petición de las 14 pertenencias minero salinas y tramitación del expediente de concesión; la expedición del título á Toro en cinco de Abril de 1890 y la condición 7ª. ya mencionada en el primer Resultando.

*Resultando:* que en el expediente al otorgarse la concesión se estableció que el cánon fijo superficial empezaba á devengarse en 10 de Octubre de 1889; que la hacienda no se cuidó de cobrar los años subsiguientes á la concesión: que en el 1899 el Secretario Civil reclamó el montante que por 10 años adeudaba, rehusando pagarlos, acudió al Gobierno Militar quien desestimó la pretensión en 27 de Marzo de 1900; contra ella interpuso recurso; siendo el derecho: que la concesión tiene el carácter de un contrato entre el Estado y un particular guardando analogía con los censos del Título 7o. Libro 2o. Código Civil; que el cesionario contrajo la obligacion de abonar un cánon anual de 20 pesos por cada una de las pertenencias mineras según el art. 5to. del Real Decreto de 15 de Enero de 1867; que ese cánon representa el reconocimiento del dominio del Estado que como tal tiene

fuerza de la ley entre los contratantes según el art. 1091 del Código Civil: que los cambios de la Legislación minera no influyen á destruir derechos nacidos al amparo de la anterior y porque una y otra consignan el pago del cánon por razón de concesión y núnca tendría razón para excusar el pago hasta 1895 en que se modificó la Legislación de Minas; que la Ley de Presupuesto de 1888-89 prorrogada para 1889-90 declara libres á las salinas de impuestos, contribuciones ó gravámenes, pagando el uno por ciento sobre el producto bruto no le cobija por su concesión, que le otorgó en Octubre del 90 y él aceptó se consignase entre las condiciones la obligación de satisfacer el cánon; que la Circular de Hacienda de 18 de Octubre de 1888 publicada en la Gaceta del 25 en su artículo 6o. determina que las concesiones salineras continuarán pagando el cánon de superficie por estar consignado en los ingresos en el detalle del art. 4ª., cap. 1º. sección 1ª. estado letra B.; que en circular la Ley de Presupuesto fué aprobada de Real Orden en 24 de Diciembre de 1888 y se publicó en la Gaceta Oficial, viniendo á disipar dudas otra Real Orden de la misma fecha desestimando la solicitud de Cortada y Ca.; que no pueden confundirse los impuestos con el cánon dados el artículo 65 caso 3º. del Real Decreto de 15 de Enero de 1867, el art. de la Ley de 3 de Marzo de 1895 y el 1648 del Código Civil; y que en todas las Leyes de Presupuestos de la Isla posteriores á 1888 se consigna como ingreso el montante de los cánones de superficie al lado del tanto por ciento sobre el producto bruto.

*Resultando:* que abierto á prueba el pleito de las del actor aparece: certificación librada por el Secretario del Tribunal del art. 9o. de la Ley de Presupuestos de 1888-89 y Reales Ordenes de Octubre de 1888, No. 371 y 373; del art. 5o. de la Ley de Presupuestos de 1890-91 y que la cantidad por impuesto de minas en el presupuesto de 1888-89 es mil pesos; y la de 1890-91 es cuatrocientos; y el dictámen pericial por el perito nombrado por el demandado sentando que las salinas son naturales.

*Resultando:* que de la prueba del Ministerio Fiscal consta: el expediente número 25 mencionado en el primer Resultando en el que existe una copia del título de concesión de las pertenencias en cuestíon y á fojas 72 dice el Ingeniero de Minas en 22 de Marzo de 1900 "Debo además poner en conocimiento de V. E. que el cánon fijo superficial deberá devengarse desde el 7 de Octubre último en que se practicó la demarcación con arreglo á lo dispuesto en el artículo 75 del repetido Real Decreto de Minería"; copia de la Real Orden número 430 de 24 de Diciembre de 1888 recaida á instancia de E. Cortada y Cia.

*Resultando:* que unidas las pruebas á los autos el Apuntamien
to y hecha la adición se señaló día para la vista á la que acudieron
las partes informando lo que estimaron conveniente á sus derechos.

Siendo Ponente el Juez Presidente Don Juan Morera Martinez.

*Considerando:* que el derecho positivo vigente de minería está
basado en el sistema del dominio eminente del Estado, limitado por la
concesión que se hace el superficiario, de las sustancias minerales ad-
heridas al suelo y por la que se otorga de las. demás al que primera-
mente denuncia la existencia de ellas, fijando la Ley de 3 de Mayo de
1895 y el Código Civil los preceptos á que debe sujetarse.

*Considerando* que para demostrar y sostener el mencionado do-
minio eminente el Decreto Ley de 29 de Diciembre de 1868 determinó
un cánon anual por hectárea según la sección de las tres en que dicho
Decreto subdivide las sustancias útiles del reino mineral; y por ello
la Ley de 24 de Julio de 1871 modificando el de bases generales de 29
de Diciembre de 1868 la reproduce variando sólo el precio por hectá-
reas, fijando otra la citada Ley de 3 de Mayo de 1895.

*Considerando:* que dictada esa Ley en 1895 y expedido el título
en 5 de Abril de 1890 con la condición 7ª. de satisfacer por cánon de
superficie y sus productos los impuestos que establecen las disposi-
ciones vigentes, no puede el demandante ir contra sus propios actos,
ni contra la ley que los regulaba, pues tanto la del 95 como la del 68
lo ordenan previniendo entrambas que mientras el dueño lo satisfaga
no podrá privársele del terreno concedido.

*Considerando:* que si bien la Ley de Presupuestos de 1890 á 91 de-
clara libre de toda contribución, impuesto ó gravámen así del Esta
do como del Municipio, por 10 años la explotación de las salinas natu-
rales, quedando .obligada dicha industria á satisfacer al Tesoro única-
mente el impuesto de dos centavos por tonelada de sal que exporte
pagaderos en la Aduana, eximiéndose esta mercancia de toda clase de
derechos de tonelaje, esa misma prescripción demuestra, que el cánon
no vá envuelto, como lo demuestran las palabras quedando dicha in-
dustria obligada por demostrarse se refiere á contribuciones, impuestos,
recargos, ú otros gravámenes y nó al reconocimiento del dominio emi-
nente, que es en lo que se basa el cánon.

*Considerando:* que así fué declarado por la Real Orden de 24 de
Diciembre de 1888 al solicitarse la aclaración del art. 9o. de la Ley de
Presupuestos de 1888-89 que declaraba libre de toda contribución,
impuesto ó gravámen á las salinas naturales; y esa declaratoria es la
que cabe por no poderse confundir los débitos por réditos, censos y
créditos del Estado con las contribuciones, impuestos ó gravámenes

que tienen que ocupar partidas y capítulos distintos que se regulan por disposiciones diversas; y porque la interpretación de las leyes que establecen privilegios debe limitarse á los términos escritos que contenga el precepto, sin ampliar éste á casos que no estuvieron en la mente del Legislador, cuando no los determinó de un modo expreso.

*Considerando:* que si bien las partes contratantes tienen derecho para pedir se respeten los derechos á su favor estipulados, no lo tienen á exigir más de aquellos que les fueron reconocidos, ni á limitar las facultades de la otra parte, en todo lo que no se halle limitado expresamente en el contrato, que aqui lo es el título y por tanto las condiciones impuestas con arreglo á la ley que lo regula; y aceptado el cánon vigente, la Ley de Presupuestos de 1888-89 que declaró libre por 10 años de contribución, impuesto ó gravámen, las salinas naturales, reconoció no tener derecho á ello por lo aclarado en la Real Orden mencionada en el anterior Considerando.

Vistas las disposiciones legales citadas, el título de propiedad y condiciones impuestas á la condición de los artículos lo. y 7o. de la Ley de 3 de Mayo de 1895 sus correlativos del 29 de Diciembre de 1868 y los artículos 335, 1184, 1222, 1223, 1225, 1248 á 1250 y 1255 del Código Civil vigente.

*Fallamos:* que debemos declarar y declaramos sin lugar la demanda interpuesta por Don Alberto del Toro y en su virtud debemos absolver y absolvemos á la Administración de dicha demanda, dejando firme y subsistente la resolución reclamada, con las costas al demandante y firme que sea esta sentencia, devuélvanse, con copia certificada de ella, los expedientes administrativos á su orígen. Así por esta nuestra sentencia lo pronunciamos, mandamos y firmamos.''

*Resultando*: que la representación del demandante, notificado de dicha sentencia, interpuso contra ella recurso de apelación, que le fué admitida libremente y en ambos efectos, y elevados los autos, con citación y emplazamiento de las partes, y personadas éstas, se le dió al recurso la tramitación correspondiente, señalándose día para la vista, cuyo acto se celebró con asistencia del Letrado del apelante y del Fiscal, quienes alegaron oralmente cuanto creyeron conducente á sus respectivos derechos.

Abogado del apelante: *Sr. Díaz Navarro.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

Aceptando en lo sustancial los fundamentos de hecho, aceptando los de derecho de la sentencia apelada; y además

*Considerando*: que la cuestión que se controvierte está limitada á la interpretación que debe darse á los artículos 9º. y 5º., respectivamente, de las Leyes de Presupuestos de 1888 á 1889 y 1890 á 1891.

*Considerando*: que su literal contexto dice así: "La explotación de las salinas naturales de Puerto Rico se declara libre de toda contribución, impuesto ó gravámen, así del Estado, como de los Municipios, por el término de diez años, quedando obligada dicha industria á satisfacer al Esatdo únicamente, el impuesto del uno por ciento sobre el producto bruto".

*Considerando*: que de la simple lectura de la anterior disposición se deduce que la exención sólo se refiere á las contribuciones, impuestos ó gravámenes sobre la explotación de la industria de las salinas naturales, pero en modo alguno puede referirse al pago del cánon que hoy cobra la Administración por virtud del contrato celebrado con Don Alberto del Toro y cuya eficacia éste reconoció al aceptar sin protesta el pago del cánon según el título que se le expidió en 5 de Abril de 1900, es decir después de la vigencia de esa Ley de Presupuestos de 1888 á 1889 que en su apoyo cita hoy el recurrente.

*Considerando*: que si hubiere alguna duda sobre esta interpretación vendría á desvanecerla por completo la Real Orden de 24 de Diciembre de 1888 recaída á consecuencia de una reclamación de un propietario de salinas de esta Isla y que siquiera como doctrina es aplicable al presente caso y que en lo pertinente dice así:

"*Considerando:* que el derecho de superficie es un cánon que se fija por el Estado á la ocupación de terrenos de su propiedad para establecimiento de una industria por particulares á quienes se otorga la concesión, sin que esto pueda confundirse con las contribuciones,

impuestos ó gravámenes de que la ley exceptúa á las salinas naturales.''

*Considerando*: que dada esa interpretación auténtica de las Leyes de Presupuestos citadas, no cabe dudar de la justicia que asiste hoy á la Administración para el cobro del cánon de superficie á que se refiere este litigio.

*Considerando*: que las costas de este recurso deben imponerse á la parte apelante.

*Vistas* las disposiciones legales citadas en el fallo recurrido y las Leyes de Presupuestos de 1888 á 1889 y 1890 á 1891 y Real Orden de 24 de Diciembre de 1888, cuyas resoluciones constan certificadas á los folios 47—48 y 83 vuelto, del expediente ó autos de la Corte de ese Distrito.

*Fallamos*: que debemos confirmar y confirmamos en todas sus partes la sentencia que en 11 de Agosto del año anterior dictó la Corte del Distrito de San Juan, quedando así subsistente la resolución reclamada de 27 de Marzo de 1900, con las costas de este recurso al apelante Don Alberto del Toro; comuníquese con devolución de los autos y expedientes administrativos, á los efectos procedentes.

Jueces concurrentes: Sres. Presidente, Quiñones y Asociados, Hernández, MacLeary y Wolf.